IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDON MARQUIS PUGH, | ) | |
| AIS# 00254312, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00402-WS-N |
| | ) | |
| JOSEPH HEADLEY, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

The Petitioner in the above-styled action, an Alabama prisoner proceeding *pro se* convicted under the name Brandon Marquis Pugh (*see* Doc. 1 at 1) but desiring to be identified as Brandon Marquis Pugh Bey (*see* Doc. 18) (hereinafter, "the Petitioner"), has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72.2(b); (8/1/2016 electronic referral).

As ordered (see Docs. 4, 11), the Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an Answer (Doc. 10) and Supplemental Answer (Doc. 14) to the petition. The Petitioner has submitted several filings in reply to the answers. (*See* Docs. 12, 13, 15, 16, 18, 19, 20). The

petition is now under submission. (*See* Doc. 17 at 5). Having reviewed the parties' submissions under Rule 8 of the Rules Governing Section 2254 Cases, the undersigned finds that an evidentiary hearing is not warranted and that the Petitioner's habeas petition (Doc. 1) is due to be **DISMISSED without prejudice in part** and **DISMISSED with prejudice in part**. The undersigned also finds that, in conjunction with the dismissal of his petition, the Petitioner should be **DENIED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

## I.  BACKGROUND

In August 2007, in the Circuit Court of Mobile County, Alabama (Case No. CC-07-808), the Petitioner pled guilty to one count of second degree rape, in violation of Ala. Code § 13A-6-62(a)(2) ("A person commits the crime of rape in the second degree if:…He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being mentally defective.") and was sentenced to 20 years in prison, split to serve 5 years in prison followed by 5 years of probation. On March 12, 2012, the Petitioner's probation officer filed a report charging the Petitioner with violating the terms and conditions of his probation by committing a new offense. On September 26, 2012, the circuit court, after conducting a hearing, revoked the Petitioner's probation and imposed his original sentence. (Doc. 10-4 [Respondent's Ex. 3 Pt. B] at 11 [Feb. 27, 2013 Order of the Alabama Court of Criminal Appeals]).

Liberally construing his habeas petition, as the Court must,[1] the Petitioner challenges both his original 2007 conviction and his 2012 probation revocation.[2] Because the habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013).

## II. ANALYSIS

### A. Challenge to 2007 Conviction is Second or Successive Petition

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)).

---

[1] *See, e.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989) (en banc) ("Pro se habeas petitioners do not stand in the same position as counseled petitioners. Because habeas petitioners are often unlearned in the law and unfamiliar with the complicated rules of pleading, we do not impose on them the same high standards of the legal art which we might place on the members of the legal profession. Accordingly, we have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." (citations and quotations omitted)).

[2] Because the Petitioner challenges criminal judgments handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

In 2013, the Petitioner filed a habeas petition with this Court that also challenged his 2007 conviction. *See Pugh v. Boyd*, S.D. Ala. Case No. 1:13-cv-00588-WS-B. On October 20, 2014, the Court dismissed the 2013 petition with prejudice as time-barred by AEDPA's statute of limitations. *See Pugh v. Boyd*, Civil Action No. 1:13-cv-00588-WS-B, 2014 WL 5359019 (S.D. Ala. Oct. 20, 2014), *motion for relief from judgment denied*, 2015 WL 4931603 (S.D. Ala. Aug. 18, 2015). No appeal was taken in the 2013 case.[3]

Accordingly, before the Petitioner could challenge his 2007 conviction in the present habeas petition, he was required to obtain an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider that challenge.[4] Because there is no indication in the record that he has done so, his present habeas

---

[3] "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Dismissal of a habeas petition as time-barred is a judgment on the merits. *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) (unpublished) ("[A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir.2003) ('[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.').").

[4] It should be noted that the Petitioner has already had another habeas petition challenging his 2007 conviction dismissed on this ground. *See Pugh v. Boyd*, Civil Action No. 1:16-cv-00177-WS-B, 2016 WL 3356794 (S.D. Ala. June 3, 2016), *report and recommendation adopted*, 2016 WL 3349321 (S.D. Ala. June 15, 2016).

petition is due to be **DISMISSED** for lack of subject matter jurisdiction to the extent it challenges his 2007 conviction.[5]

**B. Challenge to 2012 Probation Revocation is Meritless and Time-Barred**

The Petitioner's 2012 probation revocation was based on his arrest for new offenses of second-degree rape and second-degree sexual abuse against another mentally handicapped victim, C.H. (See Doc. 14-4 [Respondent's Ex. 3.4] at 2). Those new offenses subsequently led to new charges being filed in 2015 against the Petitioner (Mobile Circuit Court Case Nos. CC-15-1083 and -1084), for which the Petitioner was convicted after trial and sentenced. (See Doc. 1-1 at 1 [Alabama Court of Criminal Appeals 2/5/2016 Memorandum Opinion]). While the Petitioner challenges his 2012 probation revocation in the present habeas petition, these challenges are based on alleged defects in his trial on the 2015 charges – specifically, that the trial judge improperly amended the indictment and adjudged

---

[5] The Petitioner claims that new evidence demonstrates he is innocent of the offense underlying his 2007 conviction. While this may entitle the Petitioner to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(B) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless…the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and…the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."), the Eleventh Circuit Court of Appeals must first authorize this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A),(C) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application…The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.").

him guilty of an offense for which the jury had acquitted him. (*See* Doc. 1-2 at 2; Doc. 15 [Motion for Actual Innocence Claim to Be Granted Upon Release]; Doc. 18). Because he claims he was not "legally convicted" of the 2015 charges, the Petitioner believes that his 2012 revocation, based on the same offenses underlying the 2015 charges cannot stand.[6] He is incorrect.

> A probationer charged with violating a term of his probation is not entitled to the same procedural protections afforded the accused in a criminal trial. *See Gagnon*[ *v. Scarpelli*]*,* 411 U.S. [778,] 782, 93 S. Ct. [1756,] 1759–60[, 36 L. Ed. 2d 656 (1973)]; *Morrissey*[ *v. Brewer*]*,* 408 U.S. [471,] 480, 92 S. Ct. [2593,] 2600[, 33 L. Ed. 2d 484 (1972)]. Because a "[p]robation revocation ... is not a stage of a criminal prosecution," *Gagnon,* 411 U.S. at 782, 93 S. Ct. at 1759–60, a probationer is afforded the minimum requirements of due process, which entitles him to disclosure of the evidence against him and a hearing at which he can present evidence and "confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)," *Morrissey,* 408 U.S. at 489, 92 S. Ct. at 2604. That hearing must be "structured to assure that the finding of a ... violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior," *id.* at 484, 92 S. Ct. at 2602, and should involve a "process ... flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial," *id.* at 489, 92 S .Ct. at 2604. *See Gagnon,* 411 U.S. at 783 n.5, 93 S. Ct. at 1760 n.5 ("[W]e emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes, including affidavits, depositions, and documentary evidence.").

---

[6] The Petitioner has filed a separate habeas action challenging his 2015 convictions. *See Pugh Ali v. Babers et al.*, S.D. Ala. Case No. 1:16-cv-00562-KD-B; (Doc. 18 at 6 (informing the Court of this separate action). Thus, the undersigned does not construe the present habeas petition as challenging that criminal judgment.

*Silimon v. Sec'y, Fla. Dep't of Corr.*, 554 F. App'x 838, 841 (11th Cir. 2014) (per curiam) (unpublished). Moreover, this Court may only reverse a state court's factual finding that a probationer has violated his conditions of probation where that finding " 'was so totally devoid of evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment.' " *Newmones v. Sec'y, Fla. Dep't of Corr.*, 546 F. App'x 812, 816 (11th Cir. 2013) (per curiam) (unpublished) (quoting *Douglas v. Buder*, 412 U.S. 430, 432 (1973)). Under this standard, a state court's finding that a probationer has violated conditions of probation by committing a new offense is not invalidated simply because the probationer is acquitted at trial of criminal charges also based on that offense. *See id.* at 816-17 (affirming denial of habeas relief after finding that sufficient evidence supported the state court's finding that the petitioner had violated his probation by committing second-degree murder, even when this finding was made immediately after a jury had acquitted the petitioner of the substantive count of second-degree murder).

Thus, because the Petitioner has raised no challenge to either the procedural correctness or the evidentiary basis for his 2012 probation revocation, he is due no habeas relief as to that criminal judgment.[7]

---

[7] The Petitioner cites to "Exhibit A" as demonstrating that C.H. was "never diagnosed as mentally incompetent," thus making the Petitioner "actually and legally innocent" of the new offenses that led to his revocation. (Doc. 1-2 at 1; Doc. 15 at 2). However, "actual innocence" is not, in itself, a substantive grounds for habeas relief. *See, e.g.*, *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Moreover, the Petitioner's "Exhibit A," a medical report from 2011, in no way supports the Petitioner's claim,

Regardless, the Petitioner's habeas challenge to his 2012 probation revocation is also due to be dismissed as time-barred. AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in the Petitioner's present petition supports running his one-year limitations period for habeas challenges to his 2012 probation revocation from any of the dates in § 2244(d)(1)(B) – (D). Thus, the Petitioner ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to

---

as it expressly states that C.H. was diagnosed with, among other things, "mental retardation, not otherwise specified." (Doc. 1-2 at 8). The Petitioner's efforts to distinguish "mental retardation" from "mentally defective" as used in Ala. Code § 13A-6-62(a)(2) (*see* Doc. 18 at 3 – 4) are unavailing, at least for purposes of habeas relief; regardless, a single, unsigned medical report documenting a single doctor visit, does not demonstrate that C.H. was "**never**  diagnosed as mentally incompetent."

file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Id.* The record indicates that the Petitioner filed *pro se* a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Mobile County circuit court on February 25, 2013.[8] *See* (Doc. 14-2 [Respondent's Ex. 3.2]); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("a Rule 32 petition is a tolling motion under § 2244(d)(2)"). The circuit court dismissed the Rule 32 petition by order entered May 2, 2014.[9] (Doc. 14-4 [Respondent's Ex. 3.4]). The Petitioner then had 42 days (i.e. until June 13, 2014) to file a notice of appeal of that order. *See* Ala. R. App. P. 4(a)(1); Ala. R. Crim. P. 32.10(a) ("Any party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure."). The Petitioner took no appeal of the dismissal of his Rule 32 petition. Thus, his AEDPA clock began running on June

---

[8] It appears the Rule 32 petition was filed prior to the completion of the Petitioner's direct appeal of his probation revocation, as the Alabama Court of Criminal Appeals directed circuit court to supplement the record on appeal of the revocation by order dated February 27, 2013. (Doc. 10-4 at 11). However, the record indicates that the direct appeal ended on August 16, 2013, over eight months before the circuit court dismissed the Rule 32 petition. (*See* Doc. 14-1 [Respondent's Ex. 3.1 – Court of Criminal Appeals Certificate of Judgment]).

[9] Though the circuit judge dated the order May 1, 2014, it was not time-stamped as formally docketed until the following day.

14, 2014. However, the Petitioner did not file the present habeas petition until over two years later, on July 28, 2016, the date he certifies that it was delivered to prison officials for mailing. *See* (Doc. 1 at 12); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Nothing in the record indicates that the Petitioner filed any other tolling motion before filing the present habeas petition.[10] Thus, in addition to being meritless, the habeas challenge to his 2012 revocation is untimely.

As was explained to the Petitioner in permitting him to submit a reply (*see* Doc. 17 at 3 – 4), there are certain equitable exceptions that would excuse the untimeliness of his habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (discussing equitable tolling); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (discussing "actual innocence" exception). The Petitioner has not attempted to argue that equitable tolling applies, and the new evidence the Petitioner claims demonstrates he is actually innocent of the offenses that led to his probation revocation, *see* n.7, *supra*, does not satisfy the standard for applying this equitable exception.[11]

---

[10] While the record reflects that the Petitioner has filed at least three other habeas petitions with the Court, at least one of which challenged his 2012 probation revocation, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations…" *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

[11]

> In *McQuiggin,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup*[ *v. Delo*, 513 U.S. 298, 115 S. Ct.

Accordingly, the present habeas petition is due to be **DISMISSED with prejudice** to the extent it challenges the Petitioner's 2012 probation revocation.

### C. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a COA is unnecessary when the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam). Thus, the undersigned will only address whether a COA should issue as to the Petitioner's habeas challenge to his 2012 probation revocation.

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United*

---

851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. at 1928. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

*States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, the undersigned finds that the Petitioner should be **DENIED** a Certificate of Appealability as to the present habeas petition. The

Petitioner has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong." *Slack*, 529 U.S. at 484. As to the alternative dismissal on procedural grounds, the undersigned further finds that reasonable jurists would not find it debatable whether the Court was correct in that procedural ruling.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[12]

### D. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of

---

[12] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by the Petitioner in this action would be without merit

and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[13]

### III. CONCLUSION

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction as to its challenge to the Petitioner's 2007 conviction and that it be **DISMISSED with prejudice** as to its challenge to the Petitioner's 2012 probation revocation; that final judgment be entered accordingly in favor of the Respondent; and that the Court find the Petitioner is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

### IV. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

---

[13] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of June 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**